# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ALLIED SERVICES, LLC, <br> d/b/a Republic Services of Kansas City, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. |
| v. | ) <br> ) | |
| SMASH MY TRASH, LLC, *et al.*, | ) <br> ) | |
| Defendants. | ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND <u>PRELIMINARY INJUNCTION</u>

Allied Services, LLC, d/b/a Republic Services of Kansas City ("**Republic**"), pursuant to Fed. R. Civ. P. 65, moves the Court to enter a Temporary Restraining Order and a Preliminary Injunction enjoining Defendants, Smash My Trash, LLC, Smash Franchise Partners, LLC, and SMT KC LLC (collectively, "**Smash**"), and their employees, principals, officers, agents, and all others acting for or in concert with them, from:

(1) Improperly soliciting and providing mobile trash compaction services to Republic's existing business customers, thereby tortiously interfering with its contracts and business relationships;

(2) Impairing and impeding Republic's rights as owner to possess and use its dumpsters and open top roll-off waste containers ("**Equipment**") supplied to clients for Republic's waste disposal and removal services, including, without limitation, utilizing the Equipment for operating Smash's mobile trash compaction business; and

(3) Providing false and misleading information to consumers in the State of Missouri.

1

The grounds for this Motion are more fully set forth in Republic's Verified Complaint and its Suggestions in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed contemporaneously herewith and incorporated herein by reference. A Temporary Restraining Order and a Preliminary Injunction should issue because:

1. Republic provides recycling and waste services in the Kansas City metropolitan area and, as part of those services, supplies the Equipment to its business customers.

2. Business customers typically enter into Customer Services Agreements ("**Agreements**") with Republic for multi-year terms that automatically renew absent a timely notice of termination.

3. Many business customers have Agreements with Republic that provide for scheduled service, such as pick up twice per week.

4. The Agreements reflect and confirm that the Equipment is Republic's property and that business customers are liable for all loss or damage to the Equipment, excluding normal wear and tear.

5. Additionally, the Agreements require that business customers use the Equipment "only for its proper and intended purposes" and mandate that the Equipment not be overloaded, moved, or altered.

6. Smash provides mobile waste compaction services in the Kansas City metropolitan area using 25,000-pound Kenworth T270 Trucks outfitted with hydraulic booms and three-ton spiked, rotating metal drums ("**Smash Machines**").

7. On its website, Smash falsely advertises and leads consumers to believe that they have the legal right to use its mobile waste compaction services, notwithstanding the ownership of the containers being smashed.

2

Case 4:21-cv-00249-SRB   Document 1   Filed 04/13/21   Page 2 of 5

8. Without notice to or authorization from Republic, Smash has solicited Republic's business customers to provide mobile waste compaction services that misuse, trespass upon, and damage Republic's Equipment.

9. Smash's efforts to provide services to Republic's business customers are directly and tortiously interfering with Republic's contracts and relationships with those customers.

10. Republic's business customers have contacted it to cancel and amend Agreements, and in some instances, they have refused to follow Republic's direction that Smash not use the Equipment for its mobile waste compaction services.

11. The services that Smash provides, forcefully breaking and shredding waste inside Republic's dumpsters and open top roll-off waste containers with a three-ton, spiked, rotating metal drum mounted on a hydraulic boom, are such that physical damage to the Equipment is inherent in the compacting process.

12. During and as part of Smash's service, Smash Machines invade the interior of the Equipment and exert considerable force smashing the dumpsters and open top roll-off waste containers.

13. Despite Republic's demand that Smash "stop providing [its] services to customers who possess open top waste containers owned by Republic," Smash continues to use Republic's Equipment to provide waste compaction services to its customers in the Kansas City metropolitan area.

14. Indeed, Smash has argued, without any legal authority, that it "does not need Republic's consent to smash trash," even though it is using Republic's Equipment.

3

15. Republic has no adequate remedy at law to compensate it for the damage being caused by Smash and will suffer irreparable harm if a temporary restraining order and a permanent injunction do not issue to prevent Smash from tortiously interfering with its contracts and business relationships with its customers, misappropriating and damaging Republic's Equipment, and falsely advertising and leading consumers to believe that they have the legal right to utilize Smash's mobile waste compaction services with Republic's Equipment.

16. Due to Smash's tortious conduct, Republic will suffer confusion by its business customers and a loss of goodwill and reputation with its customers that is not quantifiable.

17. Republic is likely to prevail on the merits of its claims against Smash.

18. The balance between the harm to Republic and the possible injury that granting injunctive relief would inflict on Smash weighs in Republic's favor because its established goodwill and customer relationships will be negatively affected and compromised, as opposed to Smash's potential future business.

19. The issuance of an injunction would be in the public's interest because it would serve the important public policy goals of protecting Republic's property and contract rights and prohibiting Smash's false and misleading advertising.

WHEREFORE, Plaintiff, Allied Services, LLC, d/b/a Republic Services of Kansas City, respectfully moves the Court for issuance of a Temporary Restraining Order and a Preliminary Injunction enjoining Defendants, Smash My Trash, LLC, Smash Franchise Partners, LLC, and SMT KC LLC, as requested herein. Plaintiff also requests that the Court grant any such other and further relief it deems just and appropriate.

SPENCER FANE LLP

*/s/ Melissa Hoag Sherman*
Melissa Hoag Sherman, MO #53524
msherman@spencerfane.com
Douglas M. Weems, MO #41165
dweems@spencerfane.com
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
T 816.474.8100
F 816.474.3216

ATTORNEYS FOR PLAINTIFF